## Hoffman et al. v. Pocono Syndicate

*C. R. Bensinger*, for plaintiffs.
*R. L. Mervine*, for defendant.

SHULL, P. J., November 18, 1936.—This matter comes before the court upon a rule to show cause why the confirmation of a sheriff's sale should not be set aside, the schedule of distribution amended, and the money received from the sheriff's sale paid into court.

On December 10, 1935, the sheriff, after due advertisement under fi. fa. no. 24 of December term, 1935, sold at public sale, in accordance with the provisions of the acts of assembly of this Commonwealth in such case made and provided, the real estate of the defendant. A proper return to said sale was made on December 11, 1935. No exceptions were filed to the return and it was confirmed absolutely on December 24, 1935. The Act of April 10, 1862, P. L. 364, as amended by the Act of June 12, 1931, P. L. 542, provides:

"That when real estate shall be sold by virtue of any writ of execution issued from any court in this Commonwealth, it shall be lawful for the sheriff to report to said court, by filing in the office of the prothonotary, a schedule of distribution of the proceeds of said sale, according to the list of liens on the property sold, as certified to the sheriff from the record by the proper officers, which schedule and list of liens he shall attach to his return of said writ. Whereupon the sheriff shall give notice of the filing of said return, as aforesaid, by posting in the office of the prothonotary a notice, containing the names of the parties, the number and term of the writ; and if the said distribution shall not be questioned or disputed within such time as may be fixed by a rule of court, it shall be final and conclusive, and the sheriff shall proceed to pay out, in accordance therewith, the money mentioned in his return".

Now comes the sheriff with a petition that his return be set aside, that the distribution be amended, and that the money be paid into court. There is no allegation of mistake nor of fraud, and we cannot see what standing before the court the sheriff has to present such a petition, nor can we see how he would be entitled to the decree of

594

this court for which his petition prays. The sheriff made his return in accordance with the provisions of the acts of assembly, the return includes a schedule of distribution, and, as we have said, no exceptions were taken to the return nor to any part thereof in the manner provided by law and the rules of court. The return was confirmed absolutely as of course and may not be disturbed except for fraud or mistake. The sheriff, in the absence of an allegation of fraud or mistake in the return, has no standing to ask for either the vacation or an amendment of the return after its confirmation. His only right, and his duty as well, is to pay out the money in accordance with the schedule of distribution. This was a part of the return and necessarily was confirmed with the return. The return is binding upon the whole world in the absence of proof of fraud or mistake.

And now, November 18, 1936, the rule to show cause why the confirmation of the said sheriff's sale should not be set aside, the schedule of distribution amended to show the sum of $1,386.08 in the hands of petitioner for distribution, and petitioner allowed to pay the aforesaid sum into court for distribution to the proper parties entitled to the same, is dismissed at petitioner's cost.